IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

KEVIN GREEN                                                                                      PETITIONER
Reg. #18298-030

v.                                    2:22-cv-00180-BSM-JJV

DOES                                                                                             RESPONDENT
*Richard Sheppard Arnold United States Courthouse*

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Brian S. Miller. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. Your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of this recommendation. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

### DISPOSITION

**I. INTRODUCTION**

Kevin Green ("Petitioner"), an inmate of the Federal Bureau of Prisons' FCI Forrest City Medium, brings this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 *pro se*. (Doc. No. 12.) I recommend this case be DISMISSED without prejudice due to a lack of prosecution. *See* Fed. R. Civ. P. 41(b); Local Rule 5.5(c)(2).

**II. DISCUSSION**

On September 29, 2022, Petitioner filed a "Motion of Jurisdiction" challenging this Court's jurisdiction to adjudicate Petitions for Writs of Habeas Corpus brought under 28 U.S.C. § 2241. (Doc. No. 1.) That "Motion of Jurisdiction" was filed as a Petition for Writ of Habeas Corpus. (*Id*.) On October 11, 2022, this Court ordered Petitioner to either pay the $5.00 statutory filing fee or file an Application to Proceed *In Forma Pauperis*. (Doc. No. 2.) On that same date, a Proposed Finding and Recommendation was filed recommending dismissal of the Petition. (Doc. No. 3.) Dismissal was recommended based upon Petitioner's failure to state a claim cognizable in habeas, and, in the event his filing was a different action entirely, for failure to state a claim upon which relief could be granted. (*Id*.) The Proposed Finding and Recommendation gave parties fourteen (14) days from the date of the recommendation to file objections. (*Id*.)

On October 24, 2022, Petitioner filed an objection and raised several issues. (Doc. No. 5.) Petitioner explained that the document filed as his Petition for Writ of Habeas Corpus (Doc. No. 1) was not his habeas petition, but was merely an inquiry as to whether this Court has jurisdiction over habeas petitions brought under 28 U.S.C. § 2241. (*Id*.) His objection also stated that he "will be filing [a habeas petition] ASAP" and cited several Constitutional grounds. (*Id*.) Additionally, Petitioner asked for another Application to Proceed in District Court Without Prepaying Fees or Costs. (*Id*.) In light of Petitioner's statements that the initial filing was not a habeas petition and that he planned to file one in the future, Untied States District Judge Brian S. Miller remanded the case "for consideration of Green's motion for leave to proceed *in forma paupers*." (Doc. No. 9.)

On December 7, 2022, this Court ordered Petitioner, if he wished to proceed with the action, to: (1) file a Petition for Writ of Habeas corpus and (2) either pay the $5.00 statutory filing fee or file a properly completed Application to Proceed in District Court Without Prepaying Fees

or Costs with a calculation sheet.[1]  (Doc. No. 10.)  We cautioned Petitioner that his failure to do so "may result in dismissal of this action without prejudice pursuant to Local Rule 5.5(c)(2)."[2]  (*Id*.)  Additionally, this Court ordered the Clerk to mail Petitioner yet another Application to Proceed in District Court Without Prepaying Fees or Costs with a calculation sheet.  (*Id*.)

In the meantime, Petitioner did file an Amended Petition for Writ of Habeas Corpus.  (Doc. No. 12.)  However, Petitioner has still failed to either pay the $5.00 statutory filing fee or file a properly completed Application to Proceed *In Forma Pauperis*.  In addition to the October 11, 2022 and December 7, 2022 Orders directing Petitioner to do so, he was reminded again by text entry on December 13, 2022.  (*see* Doc. Nos. 2, 10, 13.)

Petitioner has not complied with my Orders, and the time to do so has expired.  Accordingly, I recommend this case be DISMISSED without prejudice due to a lack of prosecution.  *See* Fed. R. Civ. P. 41(b); Local Rule 5.5(c)(2).

### III.     CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. The Petition for Writ of Habeas Corpus (Doc. No. 12) be DISMISSED without prejudice.

2. No certificate of appealability be issued.

DATED this 11th day of January 2023.

---

[1] The Calculation of Initial Payment of Filing Fee sheet must be prepared and signed by an authorized official at the incarcerating facility.

[2] Local Rule 5.5(c)(2) provides: "It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently.  A party appearing for himself/herself shall sign his/her pleadings and state his/her address, zip code, and telephone number.  If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice.  Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure."

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE